IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDOLPH SPEER | : | |
| Petitioner, | : | Criminal No. 2:06-CR-129(5) (Civil Action: 2:12-CV-0277) |
| vs. | : | |
| UNITED STATES OF AMERICA, | : | Judge Marbley Magistrate Judge Abel |
| Respondent | : | |

### RESPONDENT'S REQUEST TO HOLD RESPONDENT'S ANSWER IN ABEYANCE

Now comes the United States, by and through the United States Attorney, and requests this Court to hold Respondent's answer in abeyance until the Petitioner files a waiver of his attorney-client privilege.

MEMORANDUM IN SUPPORT

Petitioner RANDOLPH SPEER has moved the Court pursuant to 28 U.S.C. § 2255 to set aside his conviction and sentence upon various claims, including that of ineffective assistance of counsel.  (Doc. No. 1150).  On April 2, 2012, the United States Attorney for the Southern District of Ohio was ordered by Magistrate Judge Abel to respond to Petitioner's motion within 20 days of the date of the order.  (Doc. No. 1151). Counsel for Petitioner SPEER will be unable to respond to the allegations and claims of the Petitioner or assist the United States in fashioning a reply unless the Petitioner waives the attorney-client privilege.

A client may waive the privilege by conduct that implies a waiver of the privilege. *United States v. Dakota*, 197 F.3rd 821, 825 (6th Cir. 1999) (citing *In re von Bulow,* 828 F.2d 94, 104 (2d Cir. 1987). Moreover, numerous federal courts, including the 6th Circuit, have held that the attorney-client privilege is impliedly waived when an ineffective assistance of counsel claim is made. *See, e.g., In re Lott,* 424 F.3d. 446, 453 (6th Cir. 2005) (stating that "[t]he implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness."); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001) (holding that by bringing an ineffective assistance claim, §2255 movant waives attorney-client privilege with respect to conversations that bare on strategic choices made during representation).

Petitioner's conduct implies a waiver of the attorney-client privilege as he challenges his conviction by raising an issue that makes privileged communications relevant. However, Speer's conviction was the result of a lengthy jury trial, may be deemed a complex fraud, and resulted in two appeals and a resentencing all while Speer was represented by the same counsel in the underlying case and appeals. Because of these factors, the Government requests this Court hold respondent's answer in abeyance until the Petitioner files a waiver of his attorney-client privilege.

.

    Respectfully submitted,

    CARTER M. STEWART
    United States Attorney

    s/Douglas W. Squires
    DOUGLAS W. SQUIRES (0073524)
    Assistant United States Attorney
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio  43215
    (614) 469-5715; Fax:  (614) 469-5653
    Douglas.Squires @usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion to hold respondent's answer in abeyance was served this 11th day of April, 2012 by regular mail on:

Randolph Speer #58157-019
Federal Prison Camp – Atlanta
PO Box 150160
Atlanta, GA 30315
Pro Se

.

                                        s/Douglas W. Squires
                                        DOUGLAS W. SQUIRES (0073524)
                                        Assistant United States Attorney