# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RANDOLPH SPEER,

    Petitioner,

    v.

    Crim. No. 2:06-cr-129(6)
    Judge Marbley
    Magistrate Judge King

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner Randoph Speer, a federal prisoner, was convicted after a jury trial on conspiracy to commit securities and wire fraud, securities fraud, wire fraud, conspiracy to commit money laundering, and concealment money laundering. The United States Court of Appeals for the Sixth Circuit reversed the convictions involving money laundering, but otherwise affirmed the judgment of conviction. *United States v. Speer*, 419 Fed. Appx. 562, unpublished, 2011 WL 1211097 (6th Cir. Apr. 1, 2011). On March 26, 2012, this Court re-sentenced petitioner to an aggregate term of twelve years' imprisonment. *Amended Judgment,* ECF 1148. On March 30, 2012, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ECF 1150.[1] On April 10, 2014, the motion to vacate was dismissed. *Opinion and Order,* ECF 1298. This matter is now before the Court on petitioner's April 3, 2015 *Motion Pursuant to 60(B),* ECF 1335 ("*Petitioner's Motion"*). For the reasons that follow, the Court concludes that *Petitioner's Motion* constitutes a second or successive motion to vacate under 28 U.S.C. § 2255 and that this Court lacks authority to consider the substance of the motion absent authorization by the Court of Appeals.

---

[1] Petitioner amended the motion to vacate on a number of occasions. ECF 1156-1159, 1163-1171.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). If a district court in the Sixth Circuit determines that a petition is a second or successive petition, that court must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997):

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

The Sixth Circuit, in turn, will issue this certification only if the petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. 21 2244(b)(2).

Petitioner cites Rule 60(b) of the Federal Rules of Civil Procedure and contends, generally, that proceedings before this Court have "been tainted with bias and prejudice that can only be considered a violation of due process and fraud upon the court." *Petitioner's Motion*, PAGEID # 27125. Specifically, *Petitioner's Motion* asserts the following claims:

> I. Whether an indictment that included material counts of criminal conduct but presented no evidence of that criminal conduct must be considered defective thus voiding that charging document and therefore the court no longer possesses subject matter jurisdiction.
> II. Whether securities fraud is limited to conduct up to including the

> > sale of securities and excludes conduct post sale or post issuance.
> > III. Whether a statement of massive loss that is not evidenced by any fact or actual evidence of massive loss is purely illusory and therefore prejudicial.

*Id.*

Where "[a] Rule 60(b) motion . . . attempts 'to add a new ground for relief' [it] is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005)). A Rule 60(b) motion that attacks the resolution of a former claim on the merits will also be considered a § 2255 petition. *Id.* at 1023. A successive motion to vacate that is simply labeled a Rule 60(b) motion must nevertheless be transferred to the Court of Appeals. 28 U.S.C. § 2244(h); 28 U.S.C. § 1631; *see In re Sims,* 111 F.3d at 47.

*Petitioner's Motion* seeks to assert claims not raised in his first § 2255 motion to vacate, even as amended. *Petitioner's Motion* is effectively a successive petition under § 2255 regardless of the label given the motion by petitioner. This Court lacks authority to consider petitioner's motion absent authorization by the United States Court of Appeals for the Sixth Circuit.

It is therefore **RECOMMENDED** this matter be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition under 28 U.S.C. § 2255.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon

proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                        *s/ Norah McCann King*
                        Norah McCann King
                        United States Magistrate Judge

April 6, 2015