IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANDOLPH SPEER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Crim. No. 2:06-cr-129(5)
Judge Marbley
Magistrate Judge King

## ORDER

On April 6, 2015, the Magistrate Judge recommended that Petitioner's April 3, 2015 *Motion Pursuant to 60(B)*, ECF 1335 (*"Petitioner's Motion"*), be transferred to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive motion under 28 U.S.C. § 2255. *Report and Recommendation*, ECF 1336. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF 1337.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF 1337, is **OVERRULED**. The *Report and Recommendation*, ECF 1336, is **ADOPTED** and **AFFIRMED**. The Court **TRANSFERS** *Petitioner's Motion*, ECF 1335, to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive motion under 28 U.S.C. § 2255.

Petitioner insists that *Petitioner's Motion* may be properly considered under Rule 60(b) of the Federal Rules of Civil Procedure because he alleges fraud on the part of the government during the course of its prosecution of Petitioner. Petitioner specifically alleges that the charges against him were false and fraudulent. *Petitioner's Motion*, ECF 1335, PageID# 27136. According to Petitioner, the Court must first address "whether a conviction for securities fraud

1

without a single representative and at risk investor is fraud, and whether a stated loss without factual basis and therefore illusory is fraud," and then consider the merits of *Petitioner's Motion*. PageID# 27136-37.

Petitioner's *Objection* is not well taken. The Magistrate Judge has recommended – not a ruling on the merits of *Petitioner's Motion* – but only that *Petitioner's Motion* be construed as a second motion to vacate under § 2255 and, as such, be transferred to the United States Court of Appeals for the Sixth Circuit. Although Petitioner invokes Rule 60(b) of the Federal Rules of Civil Procedure rather than 28 U.S.C. § 2255, the substance of *Petitioner's Motion* is tantamount to a claim of denial of due process based on bias, insufficiency of the evidence, defective indictment, lack of jurisdiction based on a defective indictment, lack of evidence of loss and an ongoing pattern of prosecutorial misconduct. Petitioner also argues that he was sentenced based on inaccurate information in the *Pre-sentence Investigation Report*. These are either claims that Petitioner raised in his initial 2255 motion,[1] or new claims by which Petitioner seeks to invalidate his convictions. The United States Supreme Court has held that a motion under Rule 60(b) that raises such claims must be considered a second or successive application for relief. *Gonzales v. Crosby*, 545 U.S. 524, 531-32 (2005). This Court therefore agrees with the Magistrate Judge that *Petitioner's Motion* is properly characterized as a second or successive motion to vacate under 28 U.S.C. § 2255 and must therefore be transferred to the Court of Appeals for authorization.

Therefore, Petitioner's *Objection*, ECF 1337, is **OVERRULED.** The *Report and Recommendation*, ECF 1336, is **ADOPTED** and **AFFIRMED.** The Court **TRANSFERS**

---

[1] Petitioner argued in his initial motion to vacate under 28 U.S.C. § 2255 that the evidence was constitutionally insufficient to sustain his convictions, that he is actually innocent and the victim of a manifest miscarriage of justice, that the prosecution misrepresented and distorted the truth, knowingly presented false evidence and intentionally engaged in misconduct in order to obtain a conviction, and that the government lied and withheld exculpatory information. *See Order and Report and Recommendation*, ECF 1285; *Opinion and Order*, ECF 1298.

2

*Petitioner's Motion*, ECF 1335, to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive motion under 28 U.S.C. § 2255.[2]

                                                                   ALGENON L. MARBLEY
                                                                   United States District Judge

---

[2] Petitioner suggests that his March 24, 2014 *Motion for Summary Judgment*, ECF 1296, remains pending. That motion was effectively denied on April 7, 2014, when the Court dismissed Petitioner's first motion to vacate. *Opinion and Order*, ECF 1298.